IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMARR L. CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-091-GMS |
| | ) |
| DR. HOOPER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Jamarr L. Campbell ("Campbell"), an inmate at the Plummer Community Corrections Center ("PCCC"), Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) At the time he filed the complaint, Campbell was housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Campbell filed this complaint against medical personnel and prison administrators, pursuant to 42 U.S.C. § 1983, alleging the Crest Program is an ineffective treatment program.[2] More particularly, Campbell alleges that: (1) the program is supposed to be a six to nine month program, but it takes one to two years to complete; (2) completion of the program should not rely

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

[2]The Crest program is the second part of a three-step substance abuse treatment program. Key is the first phase of the program and Aftercare is the third phase. www.doc.delaware.gov.

upon full-time employment given the fact that it is difficult to obtain employment due to the recession; and (3) the Crest Program harms, more than helps.

Campbell further alleges a breach of contract and violations of the right to due process and the double jeopardy clause. According to the complaint, a breach of contract occurred when, upon arrival at the Crest program, inmates are told that they may voluntarily discharge themselves from the Crest program but, when an inmates tries to discharge himself, he is told by Department of Correction ("DOC") personnel that he is not allowed to voluntarily sign out of the program.

Campbell claims violations of due process/double jeopardy occurred when he was sanctioned and sent to the Sussex Violation of Probation Center to serve the sanction but, upon his return to the Crest Program, a second sanction for the same offense was imposed. Campbell seeks injunctive relief and compensatory damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Campbell proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Campbell leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part

analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Campbell has a "plausible claim for relief."[3] *Id.* at 211. In other words, the complaint must do more than allege Campbell's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Treatment Program

Most of Campbell's claims revolve around his displeasure with the Crest Program. Prisoners have no constitutional right to drug treatment or other rehabilitation. *Groppi v. Bosco*, 208 F. App'x 113, 115 (3d Cir. 2006) (not published); *Abdul-Akbar v. Department of Corr.*, 910 F.Supp. 986, 1002 (D. Del. 1995); *see also Norris v. Frame*, 585 F.2d 1183 (3d Cir. 1978); *Fiallo v. de Batista*, 666 F.2d 729, 730 (1st Cir. 1981); *Smith v. Follette*, 445 F.2d 955 (2d Cir. 1971). Accordingly, the Crest Program claims have no basis in law and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

---

[3]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## B. Due Process/Double Jeopardy

Campbell alleges that wrongful or unjustified "set backs" occur when an inmate is disciplined twice for the same offense in violation of the right to due process and prohibition against double jeopardy. He also claims defendants breached the terms of the Crest Program contract.

The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). More so, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484). As previously discussed, Campbell has no constitutional right to a substance abuse treatment program. A delay in the completion of the program does not impose an atypical and significant hardship on Campbell in relation to the ordinary incidents of prison life.

Further, Campbell's double jeopardy claim is without merit because a disciplinary hearing is not a prosecution for double jeopardy purposes and because sanctions imposed as a result of such hearings do not bar future criminal prosecution. *United States v. Newby*, 11 F.3d 1143, 1144 (3d Cir. 1993). Prison disciplinary proceedings are used to determine whether prison rules have been broken and to maintain institutional order, rather than a prosecution for criminal conduct. *Id.* Because disciplinary sanctions are not prosecutions for criminal conduct, Campbell fails to state a meritorious double jeopardy claim.

Finally, the breach of contract claim does not rise to the level of a constitutional claim, and the court declines to exercise supplemental jurisdiction over said claim. *See* 28 U.S.C. § 1367(c). *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, __U.S.__, 129 S.Ct. 1862, 1867 (2009); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

For the above reasons, the court will dismiss as frivolous the claims regarding "set backs," due process, double jeopardy, and breach of contract pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The court declines to exercise supplemental jurisdiction. Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

June 14, 2011
Wilmington, Delaware